# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re: **Michael Scott Weiner**

                Debtor         /

Case No.
Chapter

U.S. BANKRUPTCY COURT
SO. DISTRICT OF FLORIDA-WPB

MAR 29 2010 [X'd out]

FILED_____ RECEIVED_____

**William and Sharon Nance, husband and wife,**

          Plaintiff,

vs.

**Michael Scott Weiner,**

          Defendant    /

Adversary Proceeding No.

*returned - NO personal checks accepted. NDL*

## NOTICE OF FILING CERTIFICATION OF JUDGMENT IN ANOTHER DISTRICT FOR REGISTRATION PURSUANT TO LR 7069-1(B)

William and Sharon Nance (hereinafter "Plaintiff" or "Nance") hereby give notice pursuant to LR 7069-1(B) of filing for registration: (1) Form B265 Certification of Judgment for Registration in Another District, duly executed and certified by the Clerk of Court, United States Bankruptcy Court for the Eastern District of New York; and (2) Certified copy of the Judgment in Bankruptcy Case No. 8-03-82833-dte, Chapter 7, regarding Debtor Michael Scott Weiner, Debtor Social Security No. ███████-3013, Adversary No. 803-08313-478 in the United States Bankruptcy Court for the Eastern District of New York, entered on May 5, 2004; and, provided concurrently herewith, a Filing Fee of $39.00.

Dated: 3/7/10

*William Nance* (signature)

William Nance
1500 North Ashland Avenue
East Wenatchee, WA 98802
(509) 884-5285

*Sharon Nance* (signature)

Sharon Nance
1500 North Ashland Avenue
East Wenatchee, WA 98802
(509) 884-5285

U.S. BANKRUPTCY COURT
SO. DISTRICT OF FLORIDA-WPB

APR 23 2010

FILED_____ RECEIVED_____

B 265
(8/96)

# United States Bankruptcy Court

**EASTERN** District Of **NEW YORK**

In re **Michael Scott Weiner**, )
              Debtor )   Case No. **8-03-82833-dte**
                              )
                              )   Chapter **7**
**William and Sharon Nance**, )
              Plaintiff )
                              )
         v.                       )
**Michael Scott Weiner**, )   Adv. Proc. No. **803-08313-478**
              Defendant )

## CERTIFICATION OF JUDGMENT FOR REGISTRATION IN ANOTHER DISTRICT

      I, clerk of the United States Bankruptcy Court, do certify that the attached judgment is a true and correct copy of the original judgment entered in this proceeding on ___2/17/2010___ as it appears in the records of this court, and that:   (date)

☒ No notice of appeal from this judgment has been filed, and no motion of the kind set forth in Federal Rule of Civil Procedure 60, as made applicable by Federal Rule of Bankruptcy Procedure 9024, has been filed.

☐ No notice of appeal from this judgment has been filed, and any motions of the kind set forth in Federal Rule of Civil Procedure 60, as made applicable by Federal Rule of Bankruptcy Procedure 9024, have been disposed of, the latest order disposing of such a motion having been entered on _____.
                (date)

☐ An appeal was taken from this judgment, and the judgment was affirmed by mandate of the _____ issued on _____.
   (name of court)            (date)

☐ An appeal was taken from this judgment, and the appeal was dismissed by order entered on _____.
   (date)

**ROBERT A. GAVIN JR.**
Clerk of the Bankruptcy Court

___2/17/2010___     By: _Sandy Wu_
Date                         Deputy Clerk

The Honorable Dorothy Eisenberg

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK (Central Islip)

| | |
|---|---|
| WILLIAM AND SHARON NANCE, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL SCOTT WEINER,<br><br>Defendant. | Bankruptcy Case No. 8-03-82833-dte<br>Chapter 7<br>Debtor: Michael Scott Weiner<br>Debtor Social Security No.: ■■■-3013<br><br>Adversary No. 803-08313-478<br><br>JUDGMENT |

An adversary proceeding entitled *William Nance and Sharon Nance v. Michael Scott Weiner*, Adv. Pro. No. 803-08313-478, seeking an order determining the dischargeability of the debt of Michael Scott Weiner having been commenced by the filing of the Complaint and issuance of a Summons and Notice of Pre-Trial Conference, and the Plaintiffs having filed a Motion for Summary Judgment Regarding Non-Dischargeability of Debt, which motion was GRANTED upon hearing on April 13, 2004, now it is hereby

**ORDERED, ADJUDGED & DECREED,** that the NASD arbitration award held by Plaintiffs is excepted from dischargeability in bankruptcy under 11 U.S.C. § 523(a)(19); and it is further

JUDGMENT (Case No. 803-08313-478) - 1

**ORDERED, ADJUDGED & DECREED,** that the Plaintiffs may proceed to collect the debt owed from Michael Scott Weiner, that Plaintiffs may foreclose their judgment lien, and for judgment against Michael Scott Weiner in the sum of $61,000 together with interest from May 15, 1998.

Dated: ~~April___, 2004.~~
**MAY 0 5 2004**

/s/ Dorothy Eisenberg
DOROTHY EISENBERG
United States Bankruptcy Judge

I hereby attest and certify on 2/2/2010 that this document is a full, true and correct copy of the original filed on the court's electronic case filing system.
Clerk, US Bankruptcy Court, EDNY
By: Sandy Wu, Deputy Clerk



# Award
## NASD Dispute Resolution, Inc.

In the Matter of the Arbitration Between:
William R. Nance and Sharon C. Nance, Claimants v. Frederick Jay Hentschel, III, Marcus Anthony Ramos and Michael Scott Weiner, Respondents

Case Number: 99-02341                               Hearing Site: Seattle, WA

## REPRESENTATION OF PARTIES

For Claimants:                                      Katherine Hendricks, Esq.
                                                    Hendricks & Lewis
                                                    999 Third Street
                                                    Suite 2675
                                                    Seattle, WA 98104

For Respondent Frederick Jay Hentschel, III:        *In Pro Per*
                                                    Frederick Jay Hentschel, III
                                                    Northridge Capital Corporation
                                                    3 Huntington Quadrangle
                                                    4th Floor
                                                    Melville, NY 11747

                                                    2 Bay Club Drive
                                                    Bayside, NY 11360

                                                    20 Village Road
                                                    Manhasset, NY 11030

For Marcus Anthony Ramos:                           *In Pro Per*
                                                    31 Guilford Road
                                                    Port Washington, NY 33409

For Respondent Michael Scott Weiner:                Frank R. Siderius, Esq.
                                                    500 Union Street
                                                    Suite 847
                                                    Seattle, WA 98101

## CASE INFORMATION

Statement of Claim filed: May 24, 1999

NASD Dispute Resolution, Inc.
Arbitration No. 99-02341
Award Page 2 of 10

Claimants' Uniform Submission Agreement signed: June 9, 1999

Statement of Answer filed by Respondent Frederick Jay Hentschel, III: August 8, 2000

Respondent Frederick Jay Hentschel, III's Uniform Submission Agreement signed: August 2000

Statement of Answer filed by Respondent Michael Scott Weiner: October 11, 1999

Respondent Michael Scott Weiner's Uniform Submission Agreement signed: September 14, 1999

Statement of Answer filed by Respondent Marcus Anthony Ramos: March 13, 2000

## CASE SUMMARY

Claimants alleged unsuitable sale of unregistered securities (WIT Holding Corporation); unsuitable investments, unauthorized purchases and churning of investments in Computer Associates, Datamark Holding Co., Entremend, On-Point Technology Systems, Microwave Power Devices, Natural Health Trends, Multimedia Games and Community Care Services; violation of Section 10 and Rule 10b-5 of the Securities Act; violation of Section 5 of the Securities Act of 1933; violation of the applicable Washington Securities Acts; violation of the Washington Consumer Protection Act; fraud and negligent misrepresentation; and breach of fiduciary duty.

Respondent, Frederick Jay Hentschel, III, denied the allegations of wrongdoing set forth in the Claimants' Statement of Claim and asserted several affirmative defenses, including that Claimants' alleged losses were caused by market forces; Claimants failed to use due diligence with respect to the transactions; Claimants' proximately caused the alleged losses; Claimants authorized and directed the execution of the transactions; Claimants failed to state a claim for unsuitability; the Statement of Claim failed to state a cause of action; and the Claimants damages are speculative.

Respondent, Michael Scott Weiner, denied the allegations of wrongdoing set forth in the Claimants' Statement of Claim and asserted several affirmative defenses, including that the Statement of Claim failed to state a cause of action; Claimants were sophisticated and active traders; Claimants ratified the transactions; Claimants caused their own alleged losses or the losses were caused by market forces; Claimants failed to mitigate their alleged losses; Claimants failed to plead with particularity specific facts underlying the claim for fraud; and Claimants' claims for attorney's fees and punitive damages were prohibited.

Respondent, Marcus Anthony Ramos, denied the allegations of wrongdoing set forth in the Claimants' Statement of Claim.

NASD Dispute Resolution, Inc.
Arbitration No. 99-02341
Award Page 3 of 10

## RELIEF REQUESTED

Claimants requested rescission of commissions ($7000); rescission of the purchase of WIT Holding Corporations debentures and the return of Claimants' invested funds ($50,000); actual damages ($175,000); interest; attorneys' fees; costs; punitive damages ($10,000); and such other relief that the Panel deemed just and equitable.

Respondent, Frederick Jay Hentschel, III, requested that the claim be dismissed in its entirety.

Respondent, Michael Scott Weiner, requested that the claim be dismissed in its entirety.

Respondent, Marcus Anthony Ramos, requested that the claim be dismissed in its entirety.

## OTHER ISSUES CONSIDERED AND DECIDED

On October 15, 2001, Claimants dismissed, with prejudice, Respondents Kenneth Michael Klein and Paul Gabriel Wasserman. The Claimants named both of the individuals as Respondents in their Amended Statement of Claim filed June 29, 2000.

On October 15, 2001, Claimants dismissed Respondent First Providence Financial Group, Inc. The Claimants named the company as a Respondent in their initial Statement of Claim filed May 24, 1999.

On March 27, 2001, Claimants dismissed, with prejudice, Respondent Kevin C. Held. The Claimants named the individual as a Respondent in their initial Statement of Claim filed May 24, 1999.

The total amounts of Claimants' settlement with Respondents Kenneth Michael Klein, Paul Gabriel Wasserman, Kevin C. Held and First Providence Financial Group, Inc. were disclosed to the Panel. The Panel took into account the settlement amounts when rendering its Award in this matter.

Respondent, Marcus Anthony Ramos, did not attend or otherwise participate in the arbitration hearing. Additionally, Respondent, Marcus Anthony Ramos, did not submit a properly executed submission agreement. Respondent, Marcus Anthony Ramos is required to submit to arbitration pursuant to the NASD Code of Arbitration Procedure (the "Code"), and having answered the claim, is bound by the determination of the Panel on all issues submitted.

Respondent, Frederick Jay Hentschel, III, did not attend or otherwise participate in the arbitration hearing. Respondent, Frederick Jay Hentschel, III, did file a Statement of Answer and submitted a Uniform Submission Agreement. Prior to the arbitration hearing, correspondence and other notices were sent to Respondent Frederick Jay Hentschel, III c/o Northridge Capital Corporation,

NASD Dispute Resolution, Inc.
Arbitration No. 99-02341
Award Page 4 of 10

3 Huntington Quadrangle, 4th Floor, Melville, NY 11747. The mail was returned as "Undeliverable." Accordingly, the Panel could not determine if Respondent Frederick Jay Hentschel, III had received the appropriate notices after his counsel withdrew representation on or about March 2, 2001.

At the hearing, the Panel made the Claimants aware that Respondent Frederick Jay Hentschel, III may not have received the appropriate notices after his counsel withdrew representation. Claimants chose to proceed with the arbitration hearing.

Respondent, Michaels Scott Weiner, did not attend the arbitration hearing. However, his attorney did attend and participated in the proceedings.

The parties present at the arbitration hearing agreed that the Award in this matter could be executed in counterpart copies or that a handwritten, signed Award may be entered.

## AWARD

After considering the pleadings, testimony, and evidence presented at the hearing, and the post-hearing submissions, the Panel decided in full and final resolution of the issues submitted for determination as follows:

I. As to the Respondents Michael Weiner, Marcus Anthony Ramos and Frederick Jay Hentschel, III who were employed by Foster Jeffries Security Corporation at the time of the events that gave rise to the claim (the "Foster Jeffries Respondents"), the Panel finds that:

1. Respondents Michael Weiner, Marcus Anthony Ramos and Frederick Jay Hentschel, III are jointly and severally liable for: (a) damages in the amount of $35,000 plus simple interest at the rate of 8% from May 15, 1998, and (b) attorneys fees and costs in the amount of $26,000 in accordance with the Washington State Securities Act, section RCW 21.20.430 (1) and (2) which specifically provide for attorney's fees.

II. As to the Respondents Marcus Anthony Ramos and Frederick Jay Hentschel, III who were also employed by First Providence Financial Group, Inc. at the time of the events that gave rise to the claim (the "First Providence Respondents"), the Panel finds that:

1. Respondents Marcus A. Ramos and Frederick J. Hentschel III are jointly and severally liable for: (a) damages in the amount of $12,218 plus simple interest at the rate of 8% from September 8, 1998.

IV. All forum fees as assessed against the parties and the parties that settled prior to the arbitration hearing, are set forth below. The forum fees shall be reduced by amounts already deposited with the NASDR by the parties.

NASD Dispute Resolution, Inc.
Arbitration No. 99-02341
Award Page 5 of 10

V. The Panel also dismisses the cross-claim filed by Respondent First Providence Financial Group, Inc., and the cross-claim filed by Kenneth Michael Klein and Paul Gabriel Wasserman for lack of prosecution.

IV. Each party shall bear its own costs, except as otherwise provided in the Award.

V. All other relief not expressly granted is denied.

## FEES

Pursuant to the Code, the following fees are assessed:

### Filing Fees
NASD Dispute Resolution, Inc. received or will collect the non-refundable filing fees for each claim as follows:

| | |
|---|---|
| Initial claim filing fee | = $ 300 |
| Respondent First Providence Financial Group, Inc.'s Cross-claim | = $1000 |
| Respondents Paul Gabriel Wasserman and Kenneth Michael Klein's Cross-claim | = $1000 |

### Member Fees
Member fees are assessed to each member firm that is either a party in the matter or an employer of a respondent associated person at the time of the events that gave rise to the dispute, claim, or controversy. Accordingly, the member firm, First Providence Financial Group, Inc. is liable for the following fees:

| | |
|---|---|
| Member Surcharge | = $1500 |
| Pre-Hearing Process Fee | = $ 600 |
| Hearing Process Fee | = $2500 |
| Total Member Fees | = $4600 |

### Adjournment Fees
The following adjournment fees are assessed:

March 19, 2001-March 23, 2001 hearing dates, adjournment requested by First Providence Financial Group, Inc., Kenneth Michael Klein and Paul Gabriel Wasserman =$1125
May 21, 2001-May 23, 2001 hearing dates, adjournment requested by First Providence Financial Group, Inc., Kenneth Michael Klein and Paul Gabriel Wasserman =$1000
September 24, 2001-September 26, 2001 hearing dates, adjournment requested by First Providence Financial Group, Inc., Kenneth Michael Klein and Paul Gabriel Wasserman =$1000
Total Adjournment Fees = $3125

NASD Dispute Resolution, Inc.
Arbitration No. 99-02341
Award Page 6 of 10

### Forum Fees and Assessments

The Panel assessed a forum fee for each pre-hearing conference or hearing session conducted. A pre-hearing conference and hearing session is any meeting between the parties and the Chair/Panel. The following fees are assessed:

| | | | |
|---|---|---|---|
| Six (6) Pre-hearing conference sessions with the Panel @ $1125/session | | | = $6750 |
| Pre-hearing conferences: | March 16, 2000 | 1 session | |
| | June 14, 2000 | 1 session | |
| | August 29, 2000 | 1 session | |
| | March 15, 2001 | 1 session | |
| | August 30, 2001 | 1 session | |
| | September 24, 2001 | 1 session | |
| Two (2) Hearing sessions @ $1125/session | | | = $2250 |
| Hearings: | November 5, 2001 | 2 sessions | |
| **Total Forum Fees** | | | = $9000 |

The Panel assessed the forum fees as follows:

<u>March 16, 2000 Pre-hearing conference:</u>

Respondents Frederick Jay Hentschel, III, Michael Scott Weiner, Kevin C. Held and Marcus Anthony Ramos are jointly and severally liable for 15% of the forum fees.   = $ 168.75

Respondent Michael Scott Weiner is individually liable for 10% of the forum fees.   = $ 112.50

Respondents Kenneth Michael Klein, Paul Gabriel Wasserman and First Providence Financial Group, Inc. are jointly and severally liable for 25% of the forum fees.   =$ 281.25

Claimants are jointly and severally liable for 50% of the forum fees.   =$ 562.50

<u>June 14, 2000 Pre-hearing conference:</u>

Respondents Frederick Jay Hentschel, III, Michael Scott Weiner, Kevin C. Held and Marcus Anthony Ramos are jointly and severally liable for 15% of the forum fees.   = $ 168.75

Respondent Michael Scott Weiner is individually liable for 10% of the forum fees.   = $ 112.50

Respondents Kenneth Michael Klein, Paul Gabriel Wasserman and First Providence Financial Group, Inc. are jointly and severally liable for 25% of the forum fees.   =$ 281.25

NASD Dispute Resolution, Inc.
Arbitration No. 99-02341
Award Page 7 of 10

Claimants are jointly and severally liable for 50% of the forum fees.          =$ 562.50

August 29, 2000 Pre-hearing conference:

Respondents Frederick Jay Hentschel, III, Michael Scott Weiner, Kevin C. Held and Marcus
Anthony Ramos are jointly and severally liable for 15% of the forum fees.     = $ 168.75

Respondent Michael Scott Weiner is individually liable for 10% of the
forum fees.                                                                    = $ 112.50

Respondents Kenneth Michael Klein, Paul Gabriel Wasserman and First Providence Financial
Group, Inc. are jointly and severally liable for 25% of the forum fees.       =$ 281.25

Claimants are jointly and severally liable for 50% of the forum fees.          =$ 562.50

March 15, 2001 Pre-hearing conference:

Respondents Kenneth Michael Klein, Paul Gabriel Wasserman and First Providence Financial
Group, Inc. are jointly and severally liable for 100% of the forum fees.       =$1125

August 30, 2001 Pre-hearing conference:

Respondents Frederick Jay Hentschel, III, Michael Scott Weiner and Marcus Anthony Ramos are
jointly and severally liable for 15% of the forum fees.                        = $ 168.75

Respondent Michael Scott Weiner is individually liable for 10% of the
forum fees.
                                                                               = $ 112.50
Respondents Kenneth Michael Klein, Paul Gabriel Wasserman and First Providence Financial
Group, Inc. are jointly and severally liable for 25% of the forum fees.       =$ 281.25

Claimants are jointly and severally liable for 50% of the forum fees.          =$ 562.50

September 24, 2001 Pre-hearing conference:

Respondents Kenneth Michael Klein, Paul Gabriel Wasserman and First Providence Financial
Group, Inc. are jointly and severally liable for 100% of the forum fees.       =$1125

November 5, 2001 Arbitration Hearing:

Respondents Frederick Jay Hentschel, III, Michael Scott Weiner and Marcus Anthony Ramos are
jointly and severally liable for 20% of the forum fees.                        = $ 450

NASD Dispute Resolution, Inc.
Arbitration No. 99-02341
Award Page 8 of 10

Respondent Michael Scott Weiner is individually liable for 10% of the forum fees. = $ 225

Claimants are jointly and severally liable for 70% of the forum fees. = $1575

### Fee Summary

Claimants are charged jointly and severally with the following fees and costs:
| | |
|---|---|
| Initial Filing Fee | = $ 300 |
| Forum Fees | = $3825 |
| Total Fees | = $4125 |
| Less Payments | = $(1425) |
| Balance Due NASD Dispute Resolution, Inc. | = $2700 |

Respondents, Frederick Jay Hentschel, III, Michael Scott Weiner, Kevin C. Held and Marcus Anthony Ramos, are charged jointly and severally with the following fees and costs:
| | |
|---|---|
| Forum Fees | = $ 506.25 |
| Less Payments | = $ (0) |
| Balance Due NASD Dispute Resolution, Inc. | = $ 506.25 |

Respondents, Frederick Jay Hentschel, III, Michael Scott Weiner and Marcus Anthony Ramos, are charged jointly and severally with the following fees and costs:
| | |
|---|---|
| Forum Fees | = $ 618.75 |
| Less Payments | = $ (0) |
| Balance Due NASD Dispute Resolution, Inc. | = $ 618.75 |

Respondent, Respondent Michael Scott Weiner, is charged individually with the following fees and costs:
| | |
|---|---|
| Forum Fees | = $ 675 |
| Total Fees | = $ 675 |
| Less Payments | = $ (0) |
| Balance Due NASD Dispute Resolution, Inc. | = $ 675 |

Respondents Kenneth Michael Klein, Paul Gabriel Wasserman and First Providence Financial Group, Inc. are jointly and severally liable for the following costs:
| | |
|---|---|
| Forum Fees | = $3375 |
| Adjournment Fees | = $3125 |
| Less Payments | = $ (1125) |
| Balance Due NASD Dispute Resolution, Inc. | = $5375 |

NASD Dispute Resolution, Inc.
Arbitration No. 99-02341
Award Page 9 of 10

Respondents Kenneth Michael Klein and Paul Gabriel Wasserman are jointly and severally liable for the following costs:

| | |
|---|---|
| Filing Fees for the Cross-claim | = $300 |
| Less Payments | = $ (0) |
| Balance Due NASD Dispute Resolution, Inc. | = $ 300 |

Respondent First Providence Financial Group, Inc. is individually liable for the following costs:

| | |
|---|---|
| Filing Fees for the Cross-claim | = $1000 |
| Member Fees | = $4600 |
| Less Payments | = $ (2100) |
| Balance Due NASD Dispute Resolution, Inc. | = $3500 |

All balances are payable to NASD Dispute Resolution, Inc. and are payable upon the receipt of the Award pursuant to Rule 10330(g) of the Code.

NASD Dispute Resolution, Inc.
Arbitration No. 99-02341
Award Page 10 of 10

## ARBITRATION PANEL

Peter L. Sill - Public Arbitrator, Presiding Chair
G.E. Craig Doupe, Esq. - Public Arbitrator
William J. Rex - Non-Public Arbitrator

**Concurring Arbitrators' Signatures**

*[signed] Peter L. Sill*
Peter L. Sill
Chair, Public Arbitrator

12/12/01
Signature Date

_____
G.E. Craig Doupe, Esq.
Public Arbitrator

_____
Signature Date

_____
William J. Rex
Industry/Non-Public Arbitrator

_____
Signature Date

Date Served:
DEC 1 3 2001

_____
Date of Service

NASD Dispute Resolution, Inc.
Arbitration No. 99-02341
Award Page 10 of 10

## ARBITRATION PANEL

| | | |
|---|---|---|
| Peter L. Sill | - | Public Arbitrator, Presiding Chair |
| G.E. Craig Doupe, Esq. | - | Public Arbitrator |
| William J. Rex | - | Non-Public Arbitrator |

**Concurring Arbitrators' Signatures**

_____
Peter L. Sill
Chair, Public Arbitrator

_____(signature)_____
G.E. Craig Doupe, Esq.
Public Arbitrator

_____
William J. Rex
Industry/Non-Public Arbitrator

_____
Signature Date

12/12/01
Signature Date

_____
Signature Date

Date Served:

DEC 1 3 2001

_____
Date of Service